UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

ANGIE BROWN STONE,                              )        CASE NO:
and GWENDOLYN CHISOLM.                          )
                                                )
            *Plaintiffs*,                       )        **COMPLAINT FOR DAMAGES**
                                                )        **1. COPYRIGHT**
                                                )        **    INFRINGEMENT**
vs.                                             )        **2. DECLATORY AND**
                                                )        **    INJUNCTIVE RELIEF**
TIG7 PUBLISHING, LLC,                           )        **3. ACCOUNTING**
a Georgia Corporation,                          )
NICHOLAUS WILLIAMS, an individual,              )
p/k/a TRINIDAD JAMES,                           )
SONY MUSIC ENTERTAINMENT,                       )
A Delaware Corporation,                         )
WARNER/CHAPPELL MUSIC,                          )
a Delaware Corporation, RCA RECORDS, INC.,      )
 a Delaware Corporation,                        )
ATLANTIC RECORDING                              )
CORPORATIONS, a Delaware Corporation,           )
MARK DANIEL RONSON p/k/a MARK RONSON)
 an individual, PETER GENE HERNANDEZ,           )
p/k/a BRUNO MARS, an individual,                )
JAMAREO ARTIS, an individual, p/k/a JAM,        )
JEFF BHASKER, an individual,                    )
PHILIP LAWRENCE, an individual,                 )
ARI LEVINE, an individual,                      )
CHRISTOPHER GALLASPY, an individual,            )
LAWRENCE "BOO" MITCHELL, an individual,   )
WAY ABOVE MUSIC, MARS FORCE MUSIC, LP)
a California limited partnership,               )
THOU ART THE HUNGER,                            )
a California Corporation,                        )
 WB MUSIC CORP, a Delaware Corporation,         )
WINDSWEPT HOLDINGS LLC,                         )
 a California limited liability company,        )
UNIVERSAL MUSIC CORPORATION,                    )
a Delaware Corporation, IMAGEMMUSIC, INC,   )
a Delaware corporation, ZZR MUSIC, LLC,         )
a California corporation, and DOES 1-30,        )
INCLUSIVE                      *Defendants*

## COMPLAINT FOR DAMAGES

Plaintiffs ANGIE BROWN STONE, and GWENDOLYN CHISOLM, (collectively "The Sequence") by and through undersigned counsel, now files this complaint against Defendants SONY MUSIC ENTERTAINMENT, A Delaware Corporation, WARNER/CHAPPELL MUSIC, a Delaware Corporation, RCA RECORDS, INC., a Delaware Corporation, ATLANTIC RECORDING CORPORATIONS, a Delaware Corporation, MARK DANIEL RONSON p/k/a MARK RONSON, an individual, PETER GENE HERNANDEZ, p/k/a BRUNO MARS, an individual, JAMAREO ARTIS, an individual, p/k/a JAM, JEFF BHASKER, an individual, PHILIP LAWRENCE, an individual, ARI LEVINE, an individual, NICHOLAUS WILLIAMS, an individual, p/k/a TRINIDAD JAMES, CHRISTOPHER GALLASPY, an individual, LAWRENCE "BOO" MITCHELL, an individual, WAY ABOVE MUSIC, MARS FORCE MUSIC, LP, a California limited partnership, THOU ART THE HUNGER, a California Corporation, WB MUSIC CORP, a Delaware Corporation, WINDSWEPT HOLDINGS LLC, a California limited liability company, UNIVERSAL MUSIC CORPORATION, a Delaware Corporation, IMAGEMMUSIC, INC, a Delaware corporation, ZZR MUSIC, LLC, a California corporation, TIG7 PUBLISHING, LLC, a Georgia Corporation, and DOES 1-30, INCLUSIVE, (Hereinafter "Defendants," collectively), hereby allege as follows:

## I. NATURE OF ACTION

1. The Sequence was the first female hip hop trio signed to Sugar Hill Records and known for the nationwide hit song "Funk You Up" which was the third rap song ever to reach Billboard's Top 50 singles.

6. The Sequence owns the rights to the master recording and the musical composition of "Funk You Up" and the appropriate copyright registrations have been duly filed with United States Copyright Office. Exhibit A.

## II. THE PARTIES

7. Plaintiff ANGIE BROWN STONE is an individual, former group member of The Sequence and co-author of the Copyrighted Works "Funk You Up" who resides in Atlanta, Georgia.

8. Plaintiff GWENDOLYN CHISOLM is an individual, former group member of The Sequence and co-author of the Copyrighted Works "Funk You Up" who resides in Atlanta, Georgia.

9. On information and belief, Defendant NICHOLAUS WILLIAMS p/k/a TRINIDAD JAMES is an individual whom resides in the State of Georgia involved in the infringement which took place in Atlanta, Georgia

10. On information and belief, Defendant TIG7 PUBLISHING, LLC is a Georgia limited liability company, engaged in systematic and continuous business in the State of Georgia that is involved in the infringement and/or benefits therefrom or continues to perpetuate the infringement, which also took place in Atlanta, Georgia in whole or in part. The registered agent is located at 5665 New Northside Dr, Suite 110, Fulton, Atlanta, GA, 30328, USA.

11. On information and belief, Defendant SONY MUSIC ENTERTAINMENT is a corporation engaged in systematic and continuous business in the State of Georgia that is involved in the infringement and/or benefits therefrom or continues to perpetuate the infringement, which also took place in Atlanta, Georgia in whole or in part.

12. On information and belief, Defendant WARNER/CHAPPELL MUSIC, INC. is a corporation engaged in systematic and continuous business in the State of Georgia that is involved in

the infringement and/or benefits therefrom or continues to perpetuate the infringement, which also took place in Atlanta, Georgia in whole or in part.

13. On information and belief, Defendant RCA RECORDS, INC. is a corporation engaged in systematic and continuous business in the State of Georgia that is involved in the infringement and/or benefits therefrom or continues to perpetuate the infringement, which also took place in Atlanta, Georgia in whole or in part.

14. On information and belief, Defendant ATLANTIC RECORDING CORPORATIONS is a corporation engaged in systematic and continuous business in the State of Georgia that is involved in the infringement and/or benefits therefrom or continues to perpetuate the infringement, which also took place in Atlanta, Georgia in whole or in part.

15. On information and belief, Defendant RONSON is also an individual doing business in the State of Georgia involved in the infringement which took place in Atlanta, Georgia.

16. On information and belief, Defendant BRUNO MARS is an individual doing business in the State of Georgia involved in the infringement which took place in Atlanta, Georgia.

17. On information and belief, Defendant BHASKER is an individual doing business in the State of Georgia involved in the infringement which took place in Atlanta, Georgia.

18. On information and belief, Defendant LEVINE is an individual doing business in the State of Georgia involved in the infringement which took place in Atlanta, Georgia.

19. On information and belief, Defendant GALLASPY is an individual doing business in the State of Georgia involved in the infringement which took place in Atlanta, Georgia.

20. On information and belief, Defendant MITCHELL is an individual doing business in the State of Georgia and Tennessee involved in the infringement which took place in Atlanta, Georgia.

21. On information and belief, Defendant WAY ABOVE MUSIC is a corporation doing business in the State of Georgia involved in the infringement which took place in Atlanta, Georgia.

22. On information and belief, Defendant MARS FORCE MUSIC, LP is a limited partnership doing business in the State of California involved in the infringement which took place in Atlanta, Georgia.

23. On information and belief, Defendant THOU ART THE HUNGER is a corporation doing business in the State of Georgia involved in the infringement which took place in Atlanta, Georgia.

24. On information and belief, Defendant WB MUSIC CORP is a Delaware corporation doing business in the State of Georgia involved in the infringement which took place in Atlanta, Georgia.

25. On information and belief, Defendant WINDSWEPT HOLDINGS LLC, a California limited liability company, engaged in systematic and continuous business in the State of Georgia that is involved in the infringement and/or benefits therefrom or continues to perpetuate the infringement, which also took place in Atlanta, Georgia in whole or in part.

26. On information and belief, Defendant UNIVERSAL MUSIC CORPORATION is a Delaware corporation engaged in systematic and continuous business in the State of Georgia that is involved in the infringement and/or benefits therefrom or continues to perpetuate the infringement, which also took place in Atlanta, Georgia in whole or in part.

### III. JURISDICTION AND VENUE

27. The jurisdiction of this Court with respect to the copyright infringement claim is

based upon 28 U.S.C. § §1331 and 1338 (a) in that the issue arises under the Copyright Act and

the Copyright Revision Act of 1976 (17 U.S.C. 101 *et seq.*), which is within the exclusive juris-

diction of federal courts pursuant to 28 U.S.C. § 1331. This Court also has supplemental jurisdic-

tion as 28 U.S.C. Section 1367 governs disputes between citizens of different states with an

amount in controversy exceeding $75,000 exclusive of interests and costs.

28. This Court has personal jurisdiction over the Plaintiffs and the Defendants because

parties may be found, and conduct  systematic and continuous business in this jurisdiction of this

Judicial District.

29. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) because

the Plaintiffs and Defendants are subject to personal jurisdiction in this Judicial District, and De-

fendants NICHOLAUS WILLIAMS p/k/a TRINIDAD JAMES and TIG7 PUBLISHING, LLC

reside in this District and have committed unlawful acts of infringement in this Judicial District.

### IV. FACTS RELEVANT TO CLAIMS

## A. INFRINGEMENT OF "FUNK YOU UP" AND "APACHE (JUMP ON IT)

### "FUNK YOU UP" BACKGROUND

30. Plaintiffs reiterate the allegations set forth in paragraphs 1-31 inclusive as if set forth

therein.

31. This action for copyright infringement arises from Infringing Work's writers' in-

fringement of the Sequence's copyright in the master recording and the musical composition of

"Funk You Up" written, composed, and recorded by The Sequence, and released in 1979. The

master recording and musical composition rights to "Funk You Up" have been registered with the United States Copyright Office.

32. Plaintiffs possess a beneficial interest in the "Funk You Up" as its co-composers and, therefore withhold sufficient standing to seek judicial relief against copyright infringement under the 1976 Copyright Act. 17 U.S.C. § 501(b).

33. "Funk You Up" was recorded and released by Sequence in 1979 and became the third rap song ever to reach Billboard Top 50 singles.

## INTENTIONAL COPYING OF "FUNK YOU UP" AND SUBSTANTIAL SIMI-LARITIES

34. The Defendants are the writers, composers, producers, record labels, and publishers of the infringing record "Uptown Funk" as well as the visual and all other products incorporating the Infringing Work.

35. The Defendants intentionally and unlawfully duplicated and compiled a collection of original and significant components from the musical composition, "Funk You Up". With this music critics throughout the music industry have highlighted the substantial similarities of the two works.

36. Defendant RONSON is well known for his diverse, genre-spanning selection of music intensely molded by funk, electro-funk soul, New York hip hop, and UK rock.

37. Since Defendant RONSON is a DJ specializing in funk, with an established passion along with a lengthy New York DJ career where The Sequence had extensive success, upon information and belief, Defendant RONSON had reasonable access to "Funk You Up" and used

such in the creation of the Infringing Work as demonstrated by its clear and substantial similarity to "Funk You Up".

38. Defendant BRUNO MARS is an American singer, songwriter, record producer, and choreographer. Defendant BRUNO MARS is known for his funk inspired stage performances and retro-funk style music.

39. With the enhanced technology of internet music databases/streaming services such as Youtube, Pandora, Apple Music, Spotify, etc., Defendants RONSON and BRUNO MARS likely were exposed to "Funk You Up" as it is one of the most successful works of the aforementionedd genre.

40. Upon information and belief, the Defendants RONSON and BRUNO MARS had reasonable access to the copyrighted work "Funk You Up" and used the work consciously or subconsciously in the creation of the Infringing Work as exemplified by its substantial similarities to "Funk You Up".

41. The subsequent prosperity of "Uptown Funk" after its release in November 2014 was remarkable. The title sold for at least 6 million copies. The visual for "Uptown Funk" has received over 1 billion views as well as RIAA certified multi-platinum in the United States and several other countries.

42. Since first hearing the song in June 2018, the Sequence have highlighted the substantial similarities between "Funk You Up" and "Uptown Funk."

43. Upon information and belief, "Funk You Up" and "Uptown Funk" both contain substantially similar, protectable and defining composition elements. The substantial similarities

found in "Funk You Up" and the Infringing Work emerged from attempts to simulate a "groove," "era," "feel," of music or a shared genre.

44. Upon information and belief, many of the main melodic and lyrical attributes and themes of "Uptown Funk" are intentionally and obviously copied from "Funk You Up," including, but not limited to, the intro chorus of "Funk You Up" at 0:39 - 1:25 which is repeated near the outro at 6:41 - 6:51 compared with "Uptown Funk" at 2:55 - 3:11 and 3:54 - 4:24 which consists of several individual elements that were copied by Mark Ronson and Bruno Mars. Moreover, a brief examination of those excerpts will display a plethora of blatant imitations of "Funk You Up" including but not limited to: signature phrase, melody, melody duration, musical rhythm, and musical pitch.

## UNAUTHORIZED RELEASE AND EXPLOITATION OF FUNK YOU UP

45. Among the exclusive rights granted to Plaintiffs under the Copyright Act are rights for payment and accounting of royalties for reproduction, distribution and/or exploitation of the Copyrighted Works to the public. At all times relevant herein, Plaintiffs were also entitled to accounting and payment of mechanical royalties by any and all persons or entities that record or otherwise exploit the Copyrighted Works.

46. Upon information or belief, all Uptown Funk Defendants are responsible in some manner for the events described herein and are liable to the Plaintiffs for the damages they have incurred. Defendants Mark Ronson, BRUNO MARS, and the other Defendants named herein are the purported writers composers, performers, producers, record labels, distributors, and publishers who were involved in the creation, release, reproduction, distribution, exploitation, licensing, and public performance of the Infringing Uptown Funk work, embodied in all forms of media,

including videos, digital downloads, records, motion pictures and advertisements, all of which constitute, among other things, the improper creation of a derivative work and direct, vicarious, and contributory infringement. As co-infringers, the Defendants and each of them are jointly and severally liable for all amounts owed.

47. These acts of infringement were willful, knowing, malicious and committed with zero regard to the Plaintiffs' rights.

48. The Defendants and through their counsel and agents were given notice of the infringement by a letter demanding that they cease and desist the infringement of "Funk You Up".. Despite these communications, the Defendants failed to halt there unlawful activity by reproducing, displaying, distributing, exploiting, licensing, and/or publicly performing the Infringing Work. "Uptown Funk" continues to be reproduced, sold, distributed publicly performed, licensed and otherwise exploited on compact discs and albums, and as digital downloads, ringtones, and mastertones, in theatrical motion pictures, music videos and advertisements, all without payment or producer or songwriter credit to Plaintiffs.

49. United States Copyright Office records reflect Defendants RONSON, BRUNO MARS, LAWRENCE, GALLASPY, BHASKER, and WILLIAMS as the claimed authors of the Infringing Work.

50. Upon information and belief, at no time did Defendants have any right to remake or integrate any interpolations of "Funk You Up" without fairly compensating Plaintiffs.

51. Plaintiffs' Original Composition and/or Original Sound Recording may be compared to Defendants' Infringing Work, and is located on the YouTube.com portal at the webpage below listed as:

The Sequence "Funk You Up"- https://www.youtube.com/watch?v=nEpBZ7DO1L8

Mark Ronson/Bruno Mars "Uptown Funk"- https://www.youtube.com/watch?v=OPf0YbXqDm0

52. Therefore, the Plaintiffs have never received any producer royalties, mechanical roy-alties or public performance royalties in connection with the commercial exploitation of the Orig-inal Composition and/or Original Sound Recording by Defendants or any other third parties.

53. Upon information and belief, the Defendants, made minor changes to the lyrics and melody in an attempt to mask the infringement of the Original Composition and/or Original Sound Recording are exceedingly similar.

54. Defendants have willfully and intentionally failed to acknowledge Plaintiffs' copy-right ownership interest in the Original Composition and/or Original Sound Recording.

55. Defendants have further unlawfully used, distributed and sold the Infringing Work without receiving permission from and/or providing compensation to the Plaintiffs for their use of Plain-tiffs' Original Composition and/or Original Sound Recording.

56. Defendants' wrongful use of the Infringing Work and their resulting distribution and sale of the Infringing Work, without permission and payment to Plaintiffs for such use was and continues to be a direct infringement of Plaintiffs' copyrights in the Original Composition and/or Original Sound Recording.

57. Due to the Defendants' acts, the Plaintiffs have incurred extensive damages.

## "APACHE (JUMP ON IT)" BACKGROUND

58. This action for copyright infringement also arises from Infringing Work's writers' in-fringement of the Sequence's rights in the master recording and the musical composition of

"Apache (Jump On It) written members of the Sequence and the Sugar Hill Gang, recorded by The Sugar Hill Gang, and released in 1982. The master recording and musical composition rights to "Apache (Jump On It) have been registered with the United States Copyright Office.

59. Plaintiffs possess a beneficial interest in the "Apache (Jump On It)" as its co-composers and, therefore withhold sufficient standing to seek judicial relief against copyright infringement under the 1976 Copyright Act. 17 U.S.C. § 501(b).

## INTENTIONAL COPYING OF "APACHE (JUMP ON IT)" AND
## SUBSTANTIAL SIMILARITIES

60. The Defendants are the writers, composers, producers, record labels, and publishers of the infringing record "Uptown Funk" as well as the visual and all other products incorporating the Infringing Work.

61. The Defendants intentionally and unlawfully duplicated and compiled a collection of original and significant components from the musical composition, "Apache (Jump On It)".

62. Since Defendant RONSON is a DJ specializing in funk, with an established passion along with a lengthy New York DJ career where The Sequence had extensive success, upon information and belief, Defendant RONSON had reasonable access to "Apache (Jump On It)" and used such in the creation of the Infringing Work as demonstrated by its clear and substantial similarity to "Apache (Jump On It)".

63. With the enhanced technology of internet music databases/streaming services such as Youtube, Pandora, Apple Music, Spotify, etc., Defendants RONSON and BRUNO MARS likely were exposed to "Apache (Jump On It)"" as it is one of the most successful works of the aforementioned genre.

64. Upon information and belief, the Defendants RONSON and BRUNO MARS had reasonable access to the copyrighted work "Apache (Jump On It)" and used the work consciously or sub-consciously in the creation of the Infringing Work as exemplified by its substantial similarities to "Apache (Jump On It)".

65. Since first hearing the song in May 2018, the Sequence have highlighted the substantial similarities between "Apache (Jump On It)" and "Uptown Funk."

66. Upon information and belief, "Apache (Jump On It)" and "Uptown Funk" both contain substantially similar, protectable and defining composition elements. The substantial similarities found in "Funk You Up" and the Infringing Work emerged from attempts to simulate a "groove," "era," "feel," of music or a shared genre.

67. Upon information and belief, many of the main melodic and lyrical attributes and themes of "Uptown Funk" are intentionally and obviously copied from "Apache (Jump On It)" including, but not limited to, the intro chorus of "Apache (Jump On It)" at 0:39 - 1:00 which is repeated throughout the song as a chorus compared with "Uptown Funk" at 3:11 - 3:24 which consists of several individual elements that were copied by Mark Ronson and Bruno Mars. Moreover, a brief examination of those excerpts will display a plethora of blatant imitations of "Apache (Jump On It)" including but not limited to: signature phrase, melody, and musical rhythm.

## UNAUTHORIZED RELEASE AND EXPLOITATION OF APACHE (JUMP ON IT)

68. Among the exclusive rights granted to Plaintiffs under the Copyright Act are rights for payment and accounting of royalties for reproduction, distribution and/or exploitation of the Copyrighted Works to the public. At all times relevant herein, Plaintiffs were also entitled to ac-

counting and payment of mechanical royalties by any and all persons or entities that record or otherwise exploit the Copyrighted Works.

67. Upon information or belief, all Uptown Funk Defendants are responsible in some manner for the events described herein and are liable to the Plaintiffs for the damages they have incurred. Defendants Mark Ronson, BRUNO MARS, and the other Defendants named herein are the purported writers composers, performers, producers, record labels, distributors, and publishers who were involved in the creation, release, reproduction, distribution, exploitation, licensing, and public performance of the Infringing Uptown Funk work, embodied in all forms of media, including videos, digital downloads, records, motion pictures and advertisements, all of which constitute, among other things, the improper creation of a derivative work and direct, vicarious, and contributory infringement. As co-infringers, the Defendants and each of them are jointly and severally liable for all amounts owed.

68. These acts of infringement were willful, knowing, malicious and committed with zero regard to the Plaintiffs' rights.

69. The Defendants and through their counsel and agents were given notice of the infringement by a letter demanding that they cease and desist theIR infringement. Despite these communicaions, the Defendants failed to halt there unlawful activity by reproducing, displaying, distributing, exploiting, licensing, and/or publicly performing the Infringing Work. "Uptown Funk" continues to be reproduced, sold, distributed publicly performed, licensed and otherwise exploited on compact discs and albums, and as digital downloads, ringtones, and mastertones, in theatrical motion pictures, music videos and advertisements, all without payment or producer or songwriter credit to Plaintiffs.

70. United States Copyright Office records reflect Defendants RONSON, BRUNO MARS, LAWRENCE, GALLASPY, BHASKER, and WILLIAMS as the claimed authors of the Infringing Work.

71. Upon information and belief, at no time did Defendants have any right to remake or integrate any interpolations of "Funk You Up" without fairly compensating Plaintiffs.

72. Plaintiffs' Original Composition and/or Original Sound Recording may be compared to Defendants' Infringing Work, and is located on the YouTube.com portal at the webpage below listed as:

Sugarhill Gang "Apache (Jump On It)"- https://www.youtube.com/watch?v=vQOb-WW06VAM

Mark Ronson/Bruno Mars "Uptown Funk"- https://www.youtube.com/watch?v=OPf0YbXqDm0

73. Therefore, the Plaintiffs have never received any producer royalties, mechanical royalties or public performance royalties in connection with the commercial exploitation of the Original Composition and/or Original Sound Recording by Defendants or any other third parties.

74. Upon information and belief, the Defendants, made minor changes to the lyrics and melody in an attempt to mask the infringement of the Original Composition and/or Original Sound Recording are exceedingly similar.

75. Defendants have willfully and intentionally failed to acknowledge Plaintiffs' copyright ownership interest in the Original Composition and/or Original Sound Recording.

76. Defendants have further unlawfully used, distributed and sold the Infringing Work without receiving permission from and/or providing compensation to the Plaintiffs for their use of Plaintiffs' Original Composition and/or Original Sound Recording.

77. Defendants' wrongful use of the Infringing Work and their resulting distribution and sale of the Infringing Work, without permission and payment to Plaintiffs for such use was and continues to be a direct infringement of Plaintiffs' copyrights in the Original Composition and/or Original Sound Recording.

78. Due to the Defendants' acts, the Plaintiffs have incurred extensive damages.

## FIRST CLAIM FOR RELIEF

### COPYRIGHT INFRINGEMENT

79. Plaintiffs reiterate the allegations set forth in paragraphs 1-79 inclusive as if set forth therein.

80. The Infringing Work infringes Plaintiffs' copyright interest in the Original Composition and/or Original Sound Recording through its illegitimate misappropriation without compensation.

81. Plaintiffs did not authorize, license or consent the use of the Original Composition and/or Original Sound Recording in the Infringing Work by Defendants without compensation, which constitutes an infringement of Plaintiffs' copyright.

82. Upon information and belief, Defendants had access to Plaintiffs Original Composition and/or Original Sound Recording and intentionally and infringed the copyright.

83. Moreover, the copying is so blatant in the signature phrase, melody, melody duration, musical rhythm, and musical pitch the Infringing Work and Original Composition and/or Original Sound Recording are strikingly similar rendering access presumed.

84. By including the Infringing Work on the Musical Albums, Defendants have violated Plaintiffs' copyright in Plaintiffs' Original Composition and/or Original Sound Recording for the purpose of their own financial gain.

85. Specifically, without permission or consent, Defendants duplicated, published, and distributed Plaintiffs' Composition interpolated in the Infringing Work. In addition, Defendants copied Plaintiffs' Original Composition and/or Original Sound Recording included such in the Infringing Work.

86. Upon information and belief, Defendants have obtained fees and royalties from the sale of the Infringing Work and an infringing album, and Defendants have retained a portion of those fees and royalties without offering any amount to Plaintiffs.

87. Defendants' conduct, including infringement, has continues to be, willful and knowing and with a reckless disregard for Plaintiffs' rights. Therefore, the Defendants' direct and willful acts of infringement entitle Plaintiffs to recover from Defendants damages pursuant to 17 U.S.C. § 504.

88. Accordingly, Plaintiffs are entitled to compensatory and/or statutory damages in an amount to be determined at trial, in addition to punitive damages, interest, costs and a statutory award of attorneys' fees.

89. Plaintiffs do not have an adequate remedy at law for Defendants' wrongful conduct in that (i) Plaintiffs' copyright is unique and valuable property which has no readily determinable

market value; (ii) the infringement by the Defendants constitutes an interference with Plaintiffs'

goodwill and professional reputation; and (iii) Defendants' wrongful conduct, and the damages

resulting to Plaintiffs therefrom, is continuing. Defendants' use of copyright infringement has

caused Plaintiffs irreparable injury, and Defendants threaten to continue to commit these afore-

mentioned acts.

90. By reason of the aforesaid acts of copyright infringement, Plaintiffs are allowed the

impounding and destruction of all copies or phonorecords which have been made or used in vio-

lation of the Plaintiffs' exclusive rights, and of all masters or other articles by means of which

such copies or phonorecords may be reproduced pursuant to the Copyright Act, 17 U.S.C. § 503.

91. By reason of the foregoing acts of copyright infringement, Plaintiffs are entitled to

actual damages including all profits earned by the Defendants as a result of their infringement

pursuant to the Copyright Act, 17 U.S.C. § 504. In addition, Plaintiffs are entitled to the maxi-

mum statutory damages pursuant to 17 U.S.C. §504(c) for each infringement. Therefore, Plaintiffs

demand an accounting to acquire such profits.

92. Pursuant to 17 U.S.C. § 505, Plaintiffs are also entitled to his costs and attorney's

fees.

## SECOND CLAIM FOR RELIEF

### DECLATORY AND INJUNCTIVE RELIEF

74. Plaintiffs reiterate the allegations set forth in paragraphs 1-92 inclusive as if set forth

therein.

93. Plaintiffs have a beneficial interest in the Original Composition and/or Original Sound Recording making Plaintiffs owner of all right, title and interest (including copyright) in "Funk You Up" and "Apache (Jump On It).

94. A judicial declaration is necessary to determine the rights and obligations of the parties.

95. Moreover, Plaintiffs seek declaratory judgment that (a) it has the exclusive rights conferred upon a copyright owner under the 1976 Copyright Act to the Original Composition and/or Original Sound Recording, including without limitation the exclusive right to manufacture, distribute, sell and exploit the Copyrighted Works and to grant derivative work licenses therefore including the license required for Defendants to exploit the Infringing Work, (b) none of these Defendants have any interest in and to the Original Composition and/or Original Sound Recording nor the right to exploit the Infringing Work without Plaintiffs' written approval, and (c) and that any further exploitation of the Infringing Work constitutes willful copyright infringement.

96. Plaintiffs are entitled to an injunction preventing Defendants and their agents, employees, and all other persons in active concert or privity or in participation with them, from directly or indirectly infringing on Plaintiffs' copyright in the Composition and Musical Work or from continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop, or manufacture any works derived, copied, and/or sampled from the Composition and Musical Work, in whatever medium, or to participate or assist in any such activity.

97. Due to the aforementioned acts of copyright infringement, Plaintiffs are entitled to declaratory relief and a permanent injunction enjoining Defendants from continuing the aforesaid acts of infringement pursuant to the Copyright Act, 17 U.S.C. § 502.

## THIRD CLAIM FOR RELIEF

### ACCOUNTING

98. Plaintiffs reiterate the allegations set forth in paragraphs 1-97 inclusive as if set forth therein.

99. Under the causes of action as set forth herein, Plaintiffs may recover any and all profits of Defendants that are traceable to their exploitation and wrongful use of the Plaintiffs' intellectual property.

100. Upon information and belief, Defendants aquired, and continue to aquire, profits from the sale of and contracts related to the Infringing Work that disregards Plaintiffs' copyright interests in the Original Composition and/or Original Sound Recording.

101. Plaintiffs are entitled to a full accounting of all net profits received by Defendants in connection with the creation, marketing, distribution and sale of the Infringing Composition, Infringing Sound Recording and Infringing Album

102. Therefore, due to the aforementioned violations of federal, state, common law, Plaintiffs demand that the Defendants render an accounting to ascertain the amount of such profits which have been realized to such violations.

103. As a direct and proximate result of the Defendants' unlawful appropriation, Plaintiffs have been damaged, and Defendants have been unjustly enriched, in an amount to be proven at trial for which damages and/or restitution and disgorgement are appropriate. Such damages and/or restitution and disgorgement should include a declaration by this Court that Defendants, and each of them, are constructive trustees for the benefit of Plaintiffs and order that Defendants convey to

the Plaintiffs all gross receipts and benefits received or to be received that are attributable to the infringement of the Original Composition and/or Original Sound Recording.

104. The exact amount of money due from Defendants is unknown to Plaintiffs, and can only be ascertained through an accounting.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter a final judgment in their favor and as against Defendants, jointly and severally, as follows:

1. Determining that Defendants have infringed on Plaintiffs' copyright interests in "Funk You Up";

2. That Defendants, and their agents, employees, and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing on Plaintiffs' copyright in the subject Copyrighted Works or from continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop, or manufacture any works derived, copied, and/or sampled from the Copyrighted Works, in whatever medium, or to participate or assist in any such activity;

3. That Defendants, and all their representatives, agents, employees, officers, directors, partners, attorneys, subsidiaries, and all persons under their control or acting in active concert or participation with them, be ordered to immediately post a notice on each of its websites stating that the prior use of the subject Copyrighted Works was unauthorized;

4. That Defendants, their affiliates and licensees, immediately cease and desist from any further recording, reproduction, distribution, transmission, or other use of the Copyrighted Works;

5. That judgment be entered in favor of Plaintiffs and against Defendants for the actual damages suffered by Plaintiffs and for any profits attributable to the infringements of Plaintiffs' copyright in the Copyrighted Works, the amount of which, at present, cannot be fully ascertained;

6. That judgment be entered in favor of Plaintiffs and against Defendants for statutory damages based on Defendants acts of infringement, pursuant to 17 U.S.C. § 504;

7. That all gains, profits, and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiffs;

8. That Defendants be ordered to furnish to Plaintiffs a complete and accurate accounting of any and all profits earned in connection with their use of the subject Copyrighted Works, Infringing Work and Infringing Album;

9. That judgment be entered in favor of Plaintiffs and against Defendants for punitive damages for their willful disregard of Plaintiffs' rights;

10. That judgment be entered against Defendants for Plaintiffs' costs, disbursement and attorneys' fees pursuant to 17 U.S.C. §§ 101, *et seq.;* and

11. That the Court grant such other and further relief as this Court deems just, proper, and equitable under the circumstances.

This ____ day of May, 2018.

Respectfully Submitted,


Antavius M. Weems
THE WEEMS FIRM, PC
PO Box 50488
Atlanta, Georgia 30302
(770) 621-7755
ATTORNEY FOR PLAINTIFFS